NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

In re: **MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., MICRON TECHNOLOGY TEXAS, LLC,**
*Petitioners*

2024-107

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 2:22-cv-00203-JRG-RSP, Chief Judge J. Rodney Gilstrap.

**ON PETITION AND MOTION**

Before LOURIE, PROST, and STOLL, *Circuit Judges*.

PER CURIAM.

**O R D E R**

Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas, LLC (collectively, "Micron") petitions for a writ of mandamus directing the United States District Court for the Eastern District of Texas to stay this patent infringement action pending final resolution of inter partes review ("IPR") proceedings involving the asserted patent claims. Micron also moves to stay the upcoming trial pending this court's consideration

of the petition. Netlist, Inc. ("Netlist") opposes. We deny the petition and the motion.

Netlist brought this suit in June 2022, seeking relief based on Micron's alleged infringement of the asserted patent claims. In May 2023, Micron moved to stay the litigation pending resolution of instituted IPR proceedings. On January 3, 2024—with less than three weeks before trial was set to begin—the magistrate judge finally issued a report and recommendation denying the motion based on the familiar factors relevant to a stay.[1] *See Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016). In particular, the magistrate judge gave significant weight to Netlist and Micron being direct competitors in the marketplace and that a lengthy stay of the type requested by Micron would unduly prejudice Netlist.

Micron now petitions us to direct the district court to grant its motion. Mandamus is "reserved for extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citation omitted). The petitioner must: (1) show that it has a clear and indisputable right to relief; (2) show it does not have any other adequate method of obtaining relief; and (3) convince the court that the "writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (citation omitted).

We are troubled by the district court's delay in resolving Micron's stay motion. At the same time, we are confronting a situation in which Micron, the party seeking a stay, petitioned for this court's intervention only less than three weeks before trial is set to begin. Under the circumstances presented by this case, we cannot say that Micron

---

[1] Although the magistrate judge has issued a report and recommendation, the district court judge has yet to resolve the May 2023 stay motion.

IN RE: MICRON TECHNOLOGY, INC.                                  3

has shown entitlement to the extraordinary relief of mandamus.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus and the motion to stay are denied.

FOR THE COURT

January 12, 2024
Date

Jarrett B. Perlow
Clerk of Court